Shearer, C. J.
The validity of the lien of R. Hoe & Co., there being no dispute as to the facts, must be determined by the construction of section 7913 — 72, of the Revised Statutes, which provides:
“Section 1. That in all cases where any personal property shall be sold to any person, to be paid for, in whole or in part, in installments, * * on condition that the same shall belong to the person purchasing * * the same, whenever the amount paid shall be * * the value of such property, the title to the same shall remain in the vendor * * of the same, until .the value of such property * * shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good 'faith, and creditors, unless such condition shall be evidenced by writing, signed by the purchasers * * of the same,and also a statement thereon, under oath, made by the person so selling * * • any property as herein provided, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that the same is a copy, deposited with the clerk of the township where the person signing the instrument resides at the time of the execution thereof, if a resident of the state, and if not such resident, then with the clerk of the township in which such property * * is situated at the time of the execution of the instrument; but when the person executing the instrument is a resident of a township in which the office of county recorder is kept, or when he is a non-resident of the state and the property is within such township, the instrument shall be filed with the county recorder, ” etc.
The court below held this statute to require the seller, in order to preserve his title to the property against subsequent purchasers, lienholders or creditors, to deposit with the proper officer, either the original writing evidencing the “condition” and the original verified statement indorsed upon it, or to deposit a true copy of the original writing, statement and affidavit, verified as such. But the absurd *545 and inconvenient consequences of such a construction raises a doubt that the legislature intended.any such requirement. In such cases resort must be had to these rules of construction, and that construction of the statute adopted, as will obviate these consequences.
Undoubtedly, under the statute, the original “condition, ” with a statement of the claim under oath, may be deposited and the rights of the vendor secured; but we are unable to see any reason for the verification of the copy which the court below regarded as indispensable. The meaning of the statute under consideration is not so clear and unmistakable that we feel bound to say, Ha lex scripta est, and that the only remedy is by appeal to the legislature to remove the unreasonable requirements of the law by amendment. The general object of the statute is, we think, sufficiently manifest, namely, the prevention of fraud and the protection of creditors and bona fide purchasers of personal property; and by the application of well known rules of construction the enactment can be made clear, reasonable and just, the intention of the general assembly ascertained, and the object of the law effectuated.
In'the construction of a statute,like this, courts are authorized, in order to ascertain the intention of the legislature, to transpose the language of the act; and it is their duty, in the interpretation of statutes, unless restrained by the letter, to adopt that view which will, avoid absurd consequences, injustice or great inconvenience, as none of these can be presumed to have been within the legislative intent. Moore v. Given, 39 Ohio St., 661.
In the case of the State ex rel. v. The Z. & M. Turnpike Co., 16 Ohio St., 308, 319, the supreme court, in construing the act under consideration in that case, transferred the last clause of section two of the act to, and made it the concluding clause of, the first section of the act.
So, where a section of an act referred to a previous section *546 13, which made nonsense, but would carry out the law had it referred to section 14, it was read as referring to section 14. Collier v. Johnson, 7 Ohio R. pt., 1, 235, 237; and see, also, Lucky v. Brandon, 1 Ohio, 49, 59; Kent v. Bierce, 6 Ohio, 336, 349; also Endlich on the Interpretation of Statutes, section 316 and notes; Bank v. Brown, 11 O. C. C. R., 77, 80.
And so in the case at bar, if we transpose the following language of the section, viz: “or a true copy thereof with an affidavit that the same is a copy,” so that it will follow the words, “unless such condition shall be evidenced by writing signed by the purchaser, lessor, renter, hirer, or receiver of the same,” the law is made clear and conforms to what must have been the legislative intent.
The provision of the section under consideration as to what shall render such “condition” void, would then read: “Such condition in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good faith, and creditors, unless such condition shall be evidenced by writing signed by the purchaser, lessor, renter, hirer, or receiver of the same, or a true copy thereof, with an affidavit tfia-t the same is a copy, and also a statement thereon under oath, made by the person so selling, leasing or delivering any property, as herein provided, his agent or attorney, of the amount of the claim, and deposited with the clerk of the township,” etc.,
Thus rendering the statute reasonable and just, and relieving it of the absurd requirement, certainly not intended, that where a copy is filed it must contain a copy of the affidavit attached to the original, with an affidavit that the paper filed is, not only a copy of the condition, but of the affidavit thereto as well.
What.object could there be in requiring an affidavit to be attached to the original, when only a copy of the contract is filed? Who would be benefited or protected, or what possible purpose could be subserved, by appending an affidavit to a *547 paper which is not placed on record or on file in any public office, but is consigned to the oblivion of the creditor’s pigeon-holes? >
Watson, Burr & Idvesay, for R. Hoe & Co.
F. F. D. Albery, for Parsons & Go.
J. T. Holmes, for the Watertown Paper Co.
We think the condition filed by R. Hoe & Co. was in conformity to the true intent and meaning of the statute, and is valid.
Judgment accordingly.